OPERATION AND MAINTENANCE SERVICE, INC. WESTOVER JOB
CORPS CENTER/G.E. *vs.* LABOR RELATIONS
COMMISSION & another.[1]

Suffolk. February 8, 1989 — June 21, 1989.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Labor*, Federal preemption. *Jurisdiction*, Labor case. *Labor Relations Commission. Federal Preemption.*

Discussion of the construction given Section 14 (c) (1) of the National Labor Relations Act, 29 U.S.C. § 164 (c) (1), and the standards applied, by the National Labor Relations Board in the exercise of its discretionary power to decline jurisdiction over certain labor disputes. [216-218]

In a labor relations case in which the National Labor Relations Board declined under § 14 (c) (1) of the National Labor Relations Act to exercise jurisdiction over a representation petition filed by a union, the Massachusetts Labor Relations Commission properly asserted jurisdiction over the dispute pursuant to § 14 (c) (2) of the Act. [218-221]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on July 25, 1988.

The case was heard by *O'Connor*, J.

*John B. Cochran* (*Tammy L. Brynie* with him) for Labor Relations Commission.

*Peter Mitchell* of the District of Columbia for the intervener.

*David B. Ellis* (*Scott L. Kafker & Caroline G. Hendel* with him) for the plaintiff.

*Matthew D. Jones*, for Local 509, Service Employees International Union, AFL-CIO, CLC, amicus curiae, submitted a brief.

---

[1] International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL-CIO, intervener.

Local 509, Service Employees International Union, AFL-CIO, CLC (Local 509) filed a brief as amicus curiae.

ABRAMS, J. The Labor Relations Commission (commission) appeals from an order of a single justice of this court declaring that the commission lacks jurisdiction over a representation petition filed by the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL-CIO (IUE). The single justice concluded that Federal law preempts the State commission's exercise of jurisdiction over the IUE's petition, which was identical to a petition dismissed by the National Labor Relations Board (NLRB). The question before us is whether the NLRB acted under § 14(c) of the National Labor Relations Act (NLRA), 29 U.S.C. § 164(c) (hereinafter § 14[c]), in analyzing the case under the "employer control" doctrine of *Res-Care, Inc.*, 280 N.L.R.B. 670 (1986). If the NLRB acted under § 14(c) in declining to exercise jurisdiction over the IUE's petition, the commission has jurisdiction. We conclude that in dismissing the petition, the NLRB acted pursuant to § 14(c). We therefore reverse.

Operation and Maintenance Service, Inc. Westover Job Corps Center/G.E. (employer), a wholly owned subsidiary of RCA International Service Corporation, operates a Job Corps center in Chicopee. On May 2, 1988, the IUE filed a petition with the NLRB, a Federal agency, seeking to represent for purposes of collective bargaining certain teachers and guidance counselors employed by the employer at its Chicopee Job Corps center. The regional director of the NLRB concluded that, because the employer operated its Job Corps center pursuant to a comprehensive contract with the United States Department of Labor, Employment and Training Administration (DOL), the employer "does not possess sufficient control over the employment conditions of its employees to enable it to engage in meaningful collective bargaining." The regional director dismissed the petition after concluding that the NLRB would decline jurisdiction based on the "employer control" doctrine enunciated in *Res-Care, Inc.*, *supra*.

After the petition was dismissed by the NLRB, the IUE filed an identical petition with the commission, a Massachusetts State agency. The employer moved to dismiss for lack of juris-

diction, asserting that the commission's jurisdiction is preempted by Federal law. The commission denied the employer's motion, concluding that "the NLRB has declined to assert jurisdiction over the [e]mployer and that, pursuant to Section 14 (c) (2) of the NLRA and G. L. c. 150A, Section 10 (*b*), the Commission has jurisdiction to process the representation petition." The employer then sought both injunctive and declaratory relief from a single justice of this court. The single justice granted declaratory relief only, and declared that the commission was precluded from exercising jurisdiction. The commission appeals from that ruling.

The NLRA generally precludes State courts and agencies from assuming jurisdiction over matters placed within the competence of the NLRB. *Garner* v. *Teamsters Local No. 776*, 346 U.S. 485, 491 (1953). In *Guss* v. *Utah Labor Relations Bd.*, 353 U.S. 1 (1957), the United States Supreme Court held that, even if the NLRB declined to exercise jurisdiction in its discretion, State courts and agencies could not exercise jurisdiction over matters placed within the competence of the NLRB. *Id.* at 8-9. *Guss* concededly created "a vast no-man's-land, subject to regulation by no agency or court," *id.* at 10, in those cases in which the NLRB declined to exercise jurisdiction in its discretion. In 1959, Congress responded to the *Guss* decision by passing § 14(c) of the NLRA. That statute provides in its paragraph (1) that the NLRB may "decline to assert jurisdiction over any labor dispute . . . where, in the opinion of the [NLRB], the effect of such labor dispute on commerce is not sufficiently substantial to warrant the exercise of its jurisdiction." Section 14 (c) (2) provides that Federal law should not be deemed to preclude "any agency or the courts of any State . . . from assuming and asserting jurisdiction over labor disputes over which the [NLRB] declines, pursuant to paragraph (1) of this subsection, to assert jurisdiction."

The NLRB often declines to assert jurisdiction pursuant to § 14 (c) (1) when it considers the dollar amount of commerce involved in the proceeding to be insubstantial. See, e.g., *Cooper* v. *Nutley Sun Printing Co.*, 36 N.J. 189, 194 (1961);

*Pennsylvania Labor Relations Bd.* v. *Butz*, 411 Pa. 360, 367 (1963); *Marty Levitt*, 171 N.L.R.B. 739 (1968). However, "when the [NLRB] decides whether the exercise of its jurisdiction is 'warranted,' it does far more than just measure the volume of commerce involved . . . . Under section 14 (c) (1), the [NLRB] must make policy decisions about how best to effectuate the purposes of the national labor laws, decisions informed by its special knowledge and expertise." *New York Racing Ass'n* v. *NLRB*, 708 F.2d 46, 54 (2d Cir. 1983).

In *Res-Care, Inc.*, *supra*, the NLRB determined that it would decline to exercise its discretion in favor of jurisdiction in those cases where "an employer . . . lacks the ultimate authority to determine primary terms and conditions of employment, such as wage and benefit levels." *Id.* at 674. The employer in *Res-Care*, like the employer here, operated a Job Corps center pursuant to a comprehensive contract with the DOL. *Id.* at 672-673. Relying on its decision in *National Transp. Serv., Inc.*, 240 N.L.R.B. 565 (1979), the NLRB declined jurisdiction in the *Res-Care* case. See *Res-Care, Inc.*, *supra* at 670 n.1 & 672.

In *National Transp. Serv., Inc.*, *supra*, the NLRB held that the "employer control" test is the appropriate standard to apply in deciding whether to decline jurisdiction as a discretionary matter. The NLRB stated that "[s]ection 14 (c) (1) of the [National Labor Relations] Act is the basis of the [NLRB's] discretion to 'decline to assert jurisdiction over any labor dispute . . . where, in the opinion of the Board, the effect of such labor dispute on commerce is not sufficiently substantial.'" *Id.* The NLRB concluded that by using only the employer control test, the NLRB could "better exercise the discretionary jurisdiction allowed us under Section 14 of the [National Labor Relations] Act." *Id.* at 566. In 1982, the NLRB again discussed the *National Transp. Serv., Inc.*, employer control doctrine under the heading "Section 14 (c) (1) Discretionary Jurisdiction." *St. Jude Indus. Park*, 265 N.L.R.B. 597, 599-600 (1982).[2] The

---

[2] Neither the parties nor the intervener brought this case to the attention of the single justice.

NLRB analyzed whether it should, under the employer control test, "exercise discretionary power to refrain from exercising jurisdiction under Section 14 (c) (1), 29 U.S.C. § 164(c)(1)." *Id*. at 599. Thus, the NLRB has determined that it acts pursuant to § 14 (c) (1) in declining jurisdiction when it analyzes the issues under the employer control test.

The construction the NLRB gives to the statute "is a distinct and profound exercise of discretion." *New York Racing Ass'n v. NLRB*, 708 F.2d 46, 54 (2d Cir.), cert. denied, 464 U.S. 914 (1983), quoting *Panama Canal Co.* v. *Grace Line, Inc.*, 356 U.S. 309, 318 (1958). In the absence of any indication to the contrary, we accept the declaration of the NLRB that it acts under § 14(c) when it declines jurisdiction under the employer control test.[3] The commission is therefore allowed, under § 14 (c) (2), to assert jurisdiction over the dispute. See G. L. c. 150A, § 10 (*b*) (1986 ed.); *Labor Relations Comm'n v. Blue Hill Spring Water Co.*, 11 Mass. App. Ct. 50, 57 n.7 (1980) (the commission may assert jurisdiction in all cases not federally preempted).

The only case we have found from another jurisdiction dealing with this issue supports the conclusion we reach. See *Jackson County Pub. Hosp.* v. *Public Employment Relations Bd.*, 280 N.W.2d 426, 430 (Iowa 1979).[4] The NLRB also has implied that, in cases in which it declines jurisdiction based on

---

[3] There is some indication that a dissenting viewpoint within the NLRB views the employer control test as essentially a matter of statutory interpretation, rather than an exercise of the NLRB's discretion. See, e.g., *Res-Care, Inc., supra* at 675 n.1 (Stephens, Member, dissenting). We note that, if this were the case, and under the employer control test the NLRB had no statutory authority to exercise jurisdiction over the dispute, State jurisdiction over such a dispute would certainly not be preempted. See *Jackson County Pub. Hosp.* v. *Public Employment Relations Bd.*, 280 N.W.2d 426, 430 (Iowa 1979). See also *Mystic Valley Mental Health Center Ass'n*, CR-3638 (Labor Relations Commission 1984). *Vinfen Corp.*, CR-3637 (Labor Relations Commission 1984).

[4] The Iowa Supreme Court, citing *National Transp. Serv., Inc., supra*, concluded that, *whenever* the NLRB acts in its discretion in declining jurisdiction, it acts under § 14(c). *Jackson County Pub. Hosp.* v. *Public Employment Relations Bd., supra*. Local 509, in its amicus brief, urges us to adopt this position. Because the NLRB has stated that it acts pursuant to § 14(c) when applying the employer control test, we do not reach this broader issue.

the relationship between the employer and a party exempt from its jurisdiction, it assumes that State agencies should be able to assert jurisdiction. See *Howard Univ.*, 224 N.L.R.B. 385, 386 n.9 (1970).[5] The commission has routinely asserted jurisdiction over disputes over which the NLRB has declined jurisdiction under the employer control doctrine. See, e.g., *School Comm. of Boston* v. *Labor Relations Comm'n*, 24 Mass. App. Ct. 721, 729 (1987). See also *Holyoke Chicopee Regional Senior Servs., Inc.*, CR-3657 (Labor Relations Commission 1988); *National School Bus Serv.*, CR-3650 (Labor Relations Commission 1986).

Relying on *Bethlehem Steel Co.* v. *New York Labor Relations Bd.*, 330 U.S. 767 (1947), and *NLRB* v. *Committee of Interns & Residents*, 566 F.2d 810 (2d Cir. 1977), cert. denied, 435 U.S. 904 (1978), the employer argues that the commission lacks jurisdiction over the IUE's representation petition. These cases are inapposite. In both cases, the NLRB exercised its jurisdiction over the dispute. See *Bethlehem Steel Co.* v. *New York Labor Relations Bd.*, *supra* at 770-771. *NLRB* v. *Committee of Interns & Residents*, *supra* at 811. In those cases, Federal law preempted State action because the NLRB, having asserted jurisdiction, made a substantive choice as to labor policy. *Bethlehem Steel Co.* v. *New York Labor Relations Bd.*, *supra* at 775 (refusal to certify foreman's bargaining units). *NLRB* v. *Committee of Interns & Residents*, *supra* (refusal to certify interns and residents because they are more like graduate stu-

---

[5] The commission in its opinion denying the employer's motion to dismiss for lack of jurisdiction in this case wrote as follows: "In *Howard University*, the NLRB reversed an earlier . . . decision, declining jurisdiction over the university because of the nature of the control exercised by the federal government. Noting that the NLRB has plenary jurisdiction over all private sector labor relations in the District of Columbia and that a failure to assert jurisdiction would leave the employees in a permanent 'no-man's land', the majority [of the NLRB] stated that there was 'no foreseeable possibility of a District agency coming into existence which could assert jurisdiction.' This statement illustrates the NLRB's assumption that state agencies may take jurisdiction when the NLRB declines pursuant to Section 14(c)(1). To leave these employees outside of the scope of either state law or the NLRB would create a 'result manifestly contrary to the thrust of Section 14(c) of the Act.' *Howard University*, 224 N.L.R.B. at 386, n.9."

dents than employees). Here, by contrast, the NLRB, acting under § 14 (c) (1), declined to exercise its jurisdiction over the dispute.

The employer also argues that allowing a State agency to assume jurisdiction over the employer will interfere with DOL Job Corps policy. We do not agree. Our decision today is a narrow one. We hold only that under Federal and State statutory law, the commission may assert jurisdiction over the IUE's petition. In denying the employer's motion to dismiss, the commission itself indicated a willingness to hear arguments from the employer about whether the commission itself should adopt a version of the employer control test. We express no view on whether, in view of the DOL contract, the commission should exercise its discretion and certify the IUE.

Contrary to the employer's assertion, the NLRB's employer control test does not focus on avoiding the disruption of an exempt party's functions but instead focuses on the policy that Federal assumption of jurisdiction would not be worthwhile when the employer is not free to negotiate in most, if not all, areas. See *Res-Care, Inc.*, *supra* at 674. The employer control doctrine thus emphasizes that the number of possible labor disputes between the workers and the employer not precluded by the DOL contract is very small and "the effect of such labor dispute[s] on commerce is not sufficiently substantial to warrant the exercise of [the NLRB's] jurisdiction." § 14(c)(1). These disputes can be characterized as local concerns, which are better handled by the States. See Lipner, Imposing Federal Business on Officers of the States: What the Tenth Amendment Might Mean, 57 Geo. Wash. L. Rev. 301, 322 (1989). The commission in its expertise is best situated to determine if there can be any meaningful collective bargaining without a conflict with the DOL contract.[6]

---

[6] Local 509 has conceded in its amicus brief that collective bargaining between the IUE and the employer, if any, would be severely limited by the DOL contract. The employer suggests that collective bargaining would be "meaningless." The issue, however, whether the DOL contract makes collective bargaining meaningless is for the commission.

The employer further contends that, even if the NLRB has previously acted under § 14 (c) (1) in declining jurisdiction in employer control cases, by failing to mention § 14 (c) (1) in *Res-Care, Inc., supra,* the NLRB has implicitly repudiated the idea that it is acting under that statute. If the NLRB has done so, it is the employer's burden so to demonstrate. In the absence of any clear indication from the NLRB that it has abandoned its former position, the commission is justified under § 14 (c) (2) in assuming jurisdiction.

The judgment declaring that the commission lacks jurisdiction is vacated. A new judgment shall enter declaring that, in the absence of a clear statement from the NLRB that it has repudiated its reliance on § 14 (c) (1) in employer control cases, the commission may assert jurisdiction over the IUE's petition.

*So ordered.*